[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Gwendolyn T. Beaver, and the defendant were married at Beacon Falls, Connecticut on October 12, 1974.
One party to this action has resided continuously in this state for at least one year prior to the date of the filing of this complaint. CT Page 10687
The marriage has broken down irretrievably without hope of reconciliation.
There are two minor children issue of this marriage, to wit: Shane Andrew Kichard, born August 19, 1983 and Jessica Dawn Kichard, born February 21, 1986.
No other minor children have been born to the plaintiff since the date of this marriage.
Neither party to this action is a recipient of any state or municipal aid.
The court hereby grants dissolution of said marriage
Both parties offered testimony that indicated they were in good health.
Custody of the two minor children shall be joint, with physical custody awarded to the plaintiff.
Visitation shall be liberal and flexible.
Support of the two minor children shall be a total order of $48.00 per week.
Medical benefits shall be provided by the defendant-husband if available through his employment. In the event no insurance is available, the parties will divide the cost of medical coverage for the children's benefit.
Alimony shall adhere to the plaintiff-wife in the sum of $35.00 per week. Said alimony shall be non-modifiable and shall cease upon the plaintiff wife's death, remarriage or cohabitation, for a period of ten years from the date of divorce.
Alimony is awarded to the wife due to the probability of employment in the future and due to the economic situation of the plaintiff-wife.
The family property located at 528 Oxford Road, Oxford Connecticut shall be sold and proceeds divided equally. However, the plaintiff-wife shall be entitled to the exclusive possession of the home until the youngest child reaches the age of eighteen. The sale will be postponed until that date unless the plaintiff-wife CT Page 10688 remarries, cohabitates or is deceased prior to the youngest child attaining the age of eighteen.
Any payments made by the plaintiff-wife on the mortgage, taxes and insurance shall be credited to her at the time of sale. In the event the plaintiff-wife is in a situation to purchase the property at any time, a mutually accepted real estate agent shall determine the fair market value. This appraisal can be utilized for the purchase of said residence. Any major repairs to the premises in excess of five hundred dollars shall be shared equally.
The furniture and miscellaneous personal property located in the dwelling shall remain the property of the plaintiff-wife.
The Toth Aluminum Corporation shares shall remain the property of the plaintiff-wife. The defendant-husband shall be entitled to his IRA account with Shawmut Bank. If the plaintiff-wife has an IRA account in her own name, that shall remain her sole property. The certificate of deposit at Shelton Savings Bank shall be divided equally. The certificate of deposit which has been cashed by the plaintiff-wife shall be divided equally. The savings and checking accounts shall be divided equally.
Each party shall be responsible for their own attorney's fees. Each party shall be responsible for the debts listed on their respective financial statements. The plaintiff-wife shall receive ownership in the 1988 Jeep Wrangler. The defendant-husband shall retain ownership in the 1986 Ford van and the 1990 Ford Escort.
Under these terms and conditions, the defendant-husband shall be entitled to the tax exemptions for the children. However, this may be modified by a change in financial circumstances.
Any life insurance policies held by the husband shall declare the minor children as sole beneficiaries until the youngest child reaches eighteen years of age.
In this court's opinion the husband's reluctance to obtain more suitable employment based upon his health and ability causes financial hardship on the plaintiff-wife. The court awarded the plaintiff-wife alimony and support and a division of the assets to alleviate her financial situation.
BY THE COURT, CT Page 10689
Philip E. Mancini, Jr. State Trial Referee